UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERRY L. MANLEY,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, ARAMARK SPORTS, INC., WOMEN'S UNIVERSITY CLUB, and THE SALVATION ARMY,<br><br>                Defendants. | No. C03-167Z<br><br>ORDER |

The Court has reviewed Plaintiff Manley's recent filings in case number C03-0167Z, and enters this Order to clarify the current procedural status of this case.

Under the Local Rules for the Western District of Washington, a party must respond to a motion, or the motion is deemed to have merit. See Local Rule 7(b)(2).[1] Because Plaintiff did not respond to the Salvation Army's Motion to Dismiss, docket no. 5, this Court granted that motion. Plaintiff's cause of action against the Salvation Army was dismissed *with* prejudice.

Plaintiff's Complaint was dismissed *without* prejudice against the remaining defendants. Federal Courts are courts of limited jurisdiction, and possess only that power

---

[1] The Local Rules for the Federal District Courts in the Western District of Washington are available on the internet at http://www.wawd.uscourts.gov/docs.

ORDER   1–

authorized by Constitution and statute.  See Willy v. Coastal Corp., 503 U.S. 131, 136-137 (1992).  Under Federal Rule of Civil Procedure 8(a),[2] every Complaint must include:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

This Court's Minute Order of February 27, 2003, docket no. 7, informed Plaintiff that the Court was unable to determine from his Complaint (1) what basis for jurisdiction existed; and (2) what short and plain statement of facts showed that Plaintiff was entitled to relief.  Plaintiff's Amended Complaint, docket no. 9, similarly did not meet the standard of Rule 8, and the Court dismissed Plaintiff's Complaint against the remaining defendants *without* prejudice.  Plaintiff did not appeal this Court's dismissal to the Ninth Circuit Court of Appeals.

When the Complaint is dismissed, the case is closed.  Under the civil rules, the Court cannot consider further filings, motions, or pleadings in a closed case, except in limited circumstances.  Because this case is closed, the Court cannot consider new motions or filings by any party.

IT IS SO ORDERED.

DATED this 26th day of April, 2005.

*[signature]*
Thomas S. Zilly
United States District Judge

---

[2] The Federal Rules of Civil Procedure, which apply in every civil case, are available on the internet at http://www.law.cornell.edu/rules/frcp.

ORDER  2–